IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| YEROUD JOHNSON, | ) | |
| --- | --- | --- |
| Plaintiff, | ) | |
| v. | ) | 1:11CV658 |
| CITY OF DURHAM; OFFICER E.J. JEFFRIES; POLICE OFFICER McDONOUGH, | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on Defendants' Motion to Dismiss for Failure to State a Claim, Doc. #19. For the reasons that follow, Defendants' Motion will be GRANTED.

I.

On July 11, 2011, Plaintiff Yerou Johnson ("Johnson" or "Plaintiff"), proceeding pro se, filed his initial Complaint against the "Police Department of Durham County of North Carolina and Officer E.J. Jeffries [and] Officer McDonough" alleging that the Officers violated his constitutional rights under the first, fourth, sixth, eighth, and fourteenth amendments on June 28, 2007 by "stop[ping], search[ing], and illegally arrest[ing] the Plaintiff without having any probable cause." Doc. #3 at 3 (reflecting Complaint filed on CM/ECF on July 18, 2011, but Complaint itself signed on July 11, 2011). Defendants filed a Motion to Dismiss, contending that Plaintiff's claims were barred by the applicable statute of limitations and that the "Police Department of Durham County of North Carolina" is neither a legal entity nor the employer of Officers Jeffries or McDonough. Doc. #5. Johnson responded in opposition to Defendants' Motion to Dismiss. Doc. #9. He contended, among other things,

that the statute of limitations did not bar his claims, because his claims did not arise until "his criminal matter was expunged by executive order" on July 14, 2009, citing Heck v. Humphrey, 512 U.S. 477 (1994), in support of his argument.

Magistrate Judge Joi Elizabeth Peake considered Defendants' Motion to Dismiss and construed Johnson's claims of constitutional violations as claims arising under 42 U.S.C. § 1983. Doc. #10 at 3. Judge Peake noted that pursuant to Heck, a § 1983 claim attacking the legality of a conviction or sentence would not arise until the conviction or sentence was invalidated. Id. at 4. However, based on the Complaint, Johnson only challenges a search, seizure, and alleged false arrest such that his claims would have accrued at the time of the violation "and thus would appear to be barred by the [three-year] statute of limitations." Id. at 5.

Judge Peake also noted that in Johnson's response in opposition to Defendants' Motion to Dismiss, he alleged that "Defendants falsified the Police Complaint and Investigation Report as well as the Court Hearings." Id. Judge Peake observed that "it is unclear whether Plaintiff may be attempting to assert claims that would not have accrued until the state charges were invalidated." Id. Accordingly, Judge Peake afforded Johnson thirty days to file an Amended Complaint and instructed: "Plaintiff should include all of the information set out in the original Complaint, but should further set out the factual basis for his claim, including all state court proceedings that he contends affect the claim. Plaintiff should also clarify the nature of the claims he is asserting in this case." Id.

With respect to the naming of the "Police Department of Durham County of North Carolina" as a Defendant, Judge Peake noted the non-existence of that

entity and observed that, "[t]o the extent Plaintiff may have intended to name the City of Durham, Plaintiff's Complaint did not set forth any basis for municipal liability."  Id. at 6.  Given this uncertainty and the previous determination to allow Plaintiff an opportunity to amend, Judge Peake "simply note[d] these issues and allow[ed] Plaintiff to clarify, as a part of any Amended Complaint, the parties that he intends to include as defendants."  Id.  Judge Peake cautioned that "[a]ny Amended Complaint must specify the defendants that Plaintiff seeks to name, and must set out a sufficient factual and legal basis as to each named defendant."  Id.

Johnson subsequently filed a Motion to Amend Complaint, which provides in its entirety:

> Plaintiff changed the caption in the above matter which is the City of Durham, Police Officer E.J. Jeffries and Police Officer McDonough.  Which are the Defendants in planiff's [sic] Civil Action who were involved in the above action.

Doc. #14 at 1.  On the same day, Johnson also filed a document entitled Plaintiff's Motion in Opposition to Defendant's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6). Doc. #15.  With the exception of the addition of Exhibit A1 and a paragraph describing the reasons for including Exhibit A1, that document is a verbatim copy of Plaintiff's original response to Defendants' Motion to Dismiss.  Compare Doc. #9 with Doc. #15 at 1-2, 4-5.  Exhibit A1 consists of a transcript of a Motions Proceeding in the General Court of Justice, Superior Court Division, Durham County, North Carolina on July 14, 2009, during which Officers Jeffries and McDonough testified about the June 28, 2007 traffic stop and search of Johnson and the vehicle he was driving.  Doc. #15 at 3, 6-81.  In what appears to be a description regarding his reasons for including the transcript, Plaintiff provides:

> Please see Exhibit A1, Plaintiff's Yerou Johnson's Transcript of Motions which shows that Plaintiff [sic] Statute of Limitations did not start to run until the criminal case was terminated in plaintiff's favor. Furthermore plaintiff's [sic] can also say that the statute did not start to run until he was aware from his motion to suppress was heard in open court when plaintiff's Lawyer got the suppression motion ruled in plaintiff's favor which showed that the defendants had arrested plaintiff without probable cause, please see Exhibit A1, that's when the statute started to run.

Doc. #15 at 3.

Defendants then filed the instant Motion to Dismiss for Failure to State a Claim, Doc. #19. Johnson filed a response entitled Plaintiff's Motion Responding to Defendants' Affirmative Defenses, which is verbatim copy of his previous document entitled Plaintiff's Motion in Opposition to Defendant's [sic] Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6). Compare Doc. #22 with Doc. #15. The time for filing a reply has now passed.

II.

As Judge Peake explained in her Order, Doc. # 10 at 3, the statute of limitations for a cause of action alleging constitutional violations of 42 U.S.C. § 1983 is three years. Nat'l Adver. Co. v. City of Raleigh, 947 F.2d 1158, 1161-62 (1991) (finding that N.C. Gen. Stat. § 1-52(5) supplies the relevant three-year statute of limitations to § 1983 claims). A cause of action accrues "'when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action.'" Brooks v. City of Winston-Salem, 85 F.3d 178, 181 (4th Cir. 1996) (quoting Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 955 (4th Cir. 1995) (en banc)).

Plaintiff's amended filings confirm that he challenges only the June 28, 2007 search, seizure, and arrest. He has not alleged sufficient facts to support his conclusion that "his criminal matter was expunged by executive order" on July 14, 2009 or his allegation that "Defendants falsified the Police Complaint

and the Investigation Report as well as the Court Hearings," either in his initial Complaint or his Amended Complaint, which is construed to consist of his Motion to Amend Complaint, Doc. #14, and Plaintiff's Motion in Opposition to Defendant's [sic] Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6), Doc. #15.  Although Johnson attached Exhibit A1 in support of his Amended Complaint, the exhibit is merely a transcript of testimony of Officers Jeffries and McDonough.  There is no underlying motion related to the hearing, nor is there a copy of the judge's decision or order on the motion hearing or any other related matter.  Although Johnson alleges in his Amended Complaint that he "had to suffer for two years and two weeks as his Constitutional Rights were being violated," which caused him mental anguish and pain and suffering, Johnson does not provide a factual basis for his claim or include all state court proceedings that he contends affect the claim, as Judge Peake instructed him to do.  Moreover, Johnson still does not allege facts challenging a conviction or sentence that has been set aside.

As a result, this is not a case "to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid" in which the cause of action accrues at the time that the conviction or sentence is invalidated. See Heck, 512 U.S. at 486-87, 489-90.  Not only are there no facts alleging that Johnson was unconstitutionally convicted or sentenced, there are no facts to support that he was harmed by unlawful actions that would render a conviction or sentence invalid. See id. at 487 n.6  (explaining that such a claim "does not seek damages directly attributable to conviction or confinement but whose successful prosecution would necessarily imply that the

plaintiff's criminal conviction was wrongful" such as an action against the arresting officer by a defendant convicted of resisting (a lawful) arrest).

Instead, because Johnson alleges unconstitutional search, seizure, and arrest, his cause of action accrued on June 28, 2007, the date of the search, seizure, and arrest. See Brooks, 85 F.3d at 183 (finding plaintiff's claim for unconstitutional warrantless arrest time-barred and noting that Heck does not alter "the general rule that a § 1983 claim seeking damages for an allegedly unconstitutional warrantless arrest accrues when the plaintiff knows or should know of the injury – except in the limited circumstances . . . when a § 1983 plaintiff's success on a claim that a warrantless arrest was not supported by probable cause necessarily would implicate the validity of the plaintiff's conviction or sentence").

Because Johnson's cause of action arose on June 28, 2007, his claims under 42 U.S.C. § 1983 are time-barred.[1]

III.

For the reasons set forth above, Defendants' Motion to Dismiss for Failure to State a Claim, Doc. #19, is **GRANTED** and the instant action is **DISMISSED**.

This the 30th day of September, 2014.

/s/ N. Carlton Tilley, Jr.
Senior United States District Judge

---

[1] It is also noted that Plaintiff failed to set out a sufficient factual and legal basis for a claim against the City of Durham in his Amended Complaint, although Judge Peake instructed him to do so and provided him the opportunity to do so. Defendant City of Durham would have been dismissed had Plaintiff's Amended Complaint not been time-barred.